United States District Court
Middle District Of Pennsylvania

Carlos A. Perez,
Petitioner,

v.

Janet Reno, ET, AL.,
Respondents.

Docket No. _____

1: CV 00-1960

FILED
SCRANTON
NOV 08 2000

PER _____
DEPUTY CLERK

### Petition For Writ Of Habeas Corpus Pursuant To 28 USC § 2241

Come now the petitioner, pro se, in the above course of action and file this civil action case. The petitioner is seeking relief from the mandatory detention provision of INA § 236(c), which is a violation of his Constitutional Rights to due process protection under the law as protected by the Fifth Amendment.

Petitioner futher will ask this Honorable Court to apply the standards as in **Haines v. Kerner, 404 U.S. 519 (1972)** in regard to pro se petitions.

### Factual Background

I am 34 years old. I was born on April 5, 1966 in the city of Bogota, Columbia, South America.

On February 13, 1972, I entered the United States legally as an Immigrant through Miami, Florida, with my Grandmother, my legal guardian, when I was 6 years of age. Her name is Carmelina Perez, and is herself a naturalized U.S. Citizen as well as nearly everyone in our family throughout New York State. I was raised with my Brother who is a U.S. Citizen, my Aunts, my Uncles, and my cousins who are all Permanent Legal Residents or Naturalized U.S. Citizens.

I grew up and was schooled completely here in the U.S.

I have led a law abiding life up until the instant offense. All my ties are here in the U.S.

I was an Alterboy, joined the Boy Scouts of America, and attended Eastern Military Academy on Long Island. I did not graduate from High School, but I have earned my G.E.D. after realizing the mistake of quitting school, which I followed up by going to college in Boston. I sucessfully completed earning my pilots license and kept up enough air flying time to maintain my license.

On September 30, 1992, a one count complaint was filed in the Northern District of California.

On December 17, 1992, I was indicted.

On April 17, 1996, I self-surrendered to the United States Marshal's Service in New York, New York.

On January 28, 1997, I went to trial and was found guilty on Count II, Conspiracy to Launder Money, with remaining counts dismissed.

On June 17, 1997, I was sentenced to 60 months, 3 years supervised realease, and a $50.00 special assessment.

On August 24, 2000, I completed the sentence of 52 months with good time conduct.

On September 5, 1997, the I.N.S. filed an Immigration Detainer, Notice of Action.

On April 27, 1998, the I.N.S. began the Initiate Process by filing a form I-213; a record of a Deportable Inadmissable Alien.

On October 28, 1999, the I.N.S. served me with another notice to appear for Violation of Section 237(a)(2)(A)(iii), as defined in section 101(a)(43)(A) of the act; and Title 18 USC § 1956; or Title 18 USC § 1957.

The petitioner has only been convicted of this one offense, in which he denies to this date, and has even contended the conviction to the Supreme Court.

The petitioner is mainly concerned about getting released to help his Grandmother, whom has become ill, and is in need of a family memeber to help her. With the petitioners current situation it will be ideal for him to go and help his Grandmother, and she will give him the proper moral support.

Therefore, the petitioner poses no harm to the community and no risk of flight, upon his release.

### Subject Matter Jurisdiction

In this petition, the petitioner is raising a Constitutional issue: His mandatory detention pending the outcome of removal proceedings which is in violation of due process protection under the law.

Petitioner is being detained by I.N.S. at the Snyder County Prison, in Selinsgrove, Pennsylvania. This Honorable Court has jurisdiction to review this petition by virtue of 28 USC § 2241 which allows for persons detained illegally to seek habeas relief from the District Court over the place of confinement.

The enactment of Congress of the AEDPA and IIRIRA restricted judicial review over immigration removal proceedings. Yet, the power of the great writ has remained intact to review Constitutional challenges. The landmark case on this issue was recently ruled by the Supreme Court in **American Arab ADC, 525 U.S. 471 (1999)**, which interpreted 1252(g) as barring review from decisions by the Attorney General to commence proceedings, to adjudicate cases, or execute removal orders. The Courts have, in majority, ruled that Constitutional challenges, such as this aimed at 1226(c), do not fall within those categories barred from review. See, **Parra v. Perryman, 172 F3d 954, 957 (7th Cir, 1999); Catney v. INS, 178 F3d 190 (3rd Cir, 1999); Hypolite v. Blackman, 57 F.Supp. 2d 128 (M.D. Pa, 1999); Moro v. INS, 58 F.Supp. 2d 854 (N.D. Ill, 1999).**

In **Velasquez v. Reno, 37 F.Supp. 2d (D.N.J. 1999)**, the court held that absent a clear and express statement that habeas jurisdiction was repeald, it would be improper to find that 28 USC § 2241 has actually been repealed.

Jurisdiction was also confirmed in this circuit through **Sandoval; Ngo v. INS; and DeSoussa.**

The Middle District of Pennsylvania recently ruled in the same type of case, no. 1:CV-00-0070, and was in favor of the petitioner.

For purposes of seeking relief from this unconstitutional detention, the petitioner need not exhaust his administrative remedies by addressing the bail issue at the Board of Immigration Appeals' level. "Congress has not specifically mandated exhaustion before judicial review of custody determination." **Tam v. INS (E.D. Cal, 1998)**. If the petitioner was to exhaust his remedies, he would have no effective way to challenge his detention while the administrative process is pending, which would result to an injury of his liberty regardless of the outcome of the proceedings. **See, St.John v. McElroy, 917 F.Supp. 243, 247 (S.D.N.Y. 1996)**.

Futher, neither the I.N.S. nor the B.I.A. have the authority to rule on the Constitutionality of the statute they apply. **See, Castaneda-Suarez v. INS, 993 F2d 142, 144 (7th Cir, 1993)**. Therefore, any appeal to the B.I.A. of a custody determination ruling would be futile and a waste of judicial time and efforts.

### Argument

<u>Section 1226(c), 236(c) of the I.N.A. is a Violation of Due Process because of the Mandatory Detention it Dictates.</u>

Petitioner, being still in the hearing process, maintains his legal immigration status and is therefore entitled to considerable due process protection under the law. Also, the petitioner made a legal entry to the United States, satisfying the entry fiction, and are far greater in statute and rights than excludable aliens who may be seeking an entry to the country, a privilige.

In **Plyler v. Doe, 457 U.S. 202, 210 (1982), reach'g denied, 458 U.S. 1131 (1982)**. ([W]hatever his status under immigration laws, an alien is surely a person in any ordinary sense of that term. Aliens, even aliens whose presence in the country is unlawful, have long been recognized as persons guaranteed due process of the law by the Fifth and Fourteenth Amendment.) **See also, Probert v. INS, 750 F.Supp. 252 (E.D.Mich, 1990); U.S. v. Verdugo, 494 U.S. (1990)**. In **Probert** the court wrote: "The Fifth Amendment speaks of persons, as does the Eigth Amendment. It does not speak

of citizens, it does not speak of residents, it speaks of persons. All persons in the United States are entitled to fundamental due process which is totally denied by the statute 8 USC § 1252(a), (a former similar statute that mandated detention of aggrevated felons in deportation proceedings)."

Now the petitioner would like to address the Constitutionality, or lack of, of the mandatory detention provision under 236(c) of the I.N.A. The purpose of such detention is to prevent aliens from absconding during the removal process, if he is a flight risk, and safeguard the community from any possible recidivism, from those judged to be dangerous or likely to commit crime again.

Under the compelling interest test, an evaluation would clearly show that the mandatory detention provision does not serve a legitimate governmental purpose, and is clearly excessive. Such test prohibits the government from infringing a person's fundamental liberty interests, regardless of the process provided, unless the government narrowly tailors the infringment to serve a compelling state interest. **See, U.S. v. Salerno, 481 U.S. 739, 748 107 S.Ct. 2095 (1987).**

In the petitioners case, the process is the hearing with the Immigration Judge where aliens may ask for release on bail, but may never receive such relief because of the 236(c) provision in place. In other words, as the Immigration Judges state: "Their hands are tied-up!" Petitioners release on bail is never evaluated under flight risk or danger to the community factors. They are denied bail without any proper due process, and that is purely unconstitutional.

In a way 1226(c) sweeps too broadly. Denying bond hearings, "imputes a purpose to injure society to all detained aliens with aggravated felony convictions, regardless of the circumstances of the individual case." **St.John, 917 F.Supp. at 246** (Holding a predecessor statute unconstitutional).

In **Kellman v. District Director, 750 F.Supp. 625 (S.D.N.Y. 1990),** the court ruled that Congress can not constitutionally render a permanent resident alien in deportation proceedings uneligible for bail without a case by case determination or suitability for release.

The petitioner is being detained in a prison. A place where persons serving sentences as well. Locked in cells. Those conditions are definitely restraining in a physical way. In **Flores, 507 U.S. at 302, 113 S.Ct. 1439**, the court held that: "Freedom from physical restrain, in the sense of....barred cells was not at issue." Here such freedom is at issue. Futher, in **Flores**, the alien detained was a juvenile who could have been released under supervision at the discretion of the District Director. Unlike this case where the petitioner is an adult, and his release is statutory illegal under the mandatory detention provision 236(c).

Statutes such as the one at hand were anonymously rejected and ruled to be unconstitutional by the courts. In **Paxton v. INS, 74 F.Supp. 1261 (E.D. Mich, 1990)**, the court wrote: "A statute that authorizes mandatory denial of bail acheives the same result of violating the prohibition against excessive bail within the contest of the Eigth Amendment."

In **U.S. v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 95 L. Ed. 2d 697 (1987)**, the court used a two step inquiry to determine whether the detention under the "Bail Reform Act" of 1984, violated substansive due process rights of the petitioner. The court considered whether the restriction of liberty was (1) an impressible punishment; (2) excessive in relation to the goal of Congress.

The court in **Paxton** followed the same reasoning as in Salerno and looked into the legislative intent behind 8 USC 1252(a)(2), a predecessor statute; to determine if the regulation was permissable. In its analysis, the court determined that the regulation was excessive in the light of the goal it sought to acheive, and that the mandate: "The Attorney General shall not release such felons from custody" is precisely the type of government conduct that "shocks the conscience and interfears with the right implicit in the concept of ordered liberty."

So many courts have agreed that laws of such nature were unconstitutional for the simple fact that they violated due process.

They are as follows:

**Kellman v. INS, 750 F.Supp. 625 (S.D.N.Y. 1990)**
**Leader v. Blackman, 744 F.Supp. 500 (S.D.N.Y. 1990)**
**Probert v. INS, 750 F.Supp. 252 (E.D.Mich, 1990) affirmed on other grounds, 954 F2d 1253 (6th Cir, 1992)**
**Paxton v. INS, 754 F.Supp. 1261 (E.D.Mich, 1990)**
**Agunobi v. Thornburgh, 754 F.Supp. 533 (N.D.Ill, 1990)**
**St.John v. McElroy, 917 F.Supp. 243 (S.D.N.Y. 1996)**
**Thomas v. McElroy, 1996 WL 455012 (S.D.N.Y. 1996)**
**Ekekhor v. Alijetes, 979 F.Supp. 540 (N.D.Ill, 1997)**
**Caballero v. Caplinger, 914 F.Supp. 1374 (E.D. La, 1996)**(Holding statute that mandates a mandatory detention of nonlawfully admitted noncitizen with aggrevated felony unconstitutional.)
**Tam v. INS, 14 F.Supp. 2d 1184, 1189 (E.D. Cal, 1998)**
**Van Eeton v. Beebe, 49 F.Supp. 2d 1186 (D.Or., 1999)**
**Martina v. Green, 28 F.Supp. 2d 1275 (D.Colo, 1999)**

In the present case, with 1226(c), Congress seeks to detain virtually all criminal aliens, a much broader category than the group that the 1225(a)(2) sought to detain. But, by doing so, Congress would be imputting a purpose to injure society to all aliens. In **U.S. v. Carlson, 96 L. Ed 547 (1952)**, the Supreme Court ruled that: "A purpose to injure society could not be imputted to all aliens subject to deportation." Thus a case by case detrmination is essential to avoid erroneous deprivation of liberty..

In **Aguilera v. INS, 516 F2d 565 (6th Cir, 1975), cert denied, 46 L.Ed 2d 638**, the court ruled that "If procedures mandated by Congress do not provide an alien with procedural due process, they must yield." 1226(c) or I.N.A. § 236(c) is clearly one of those procedures that deprives aliens of due process. Therefore, it must yield to Constitutional demands.

In **Velasquez v. Reno, 37 F.Supp. 2d 663 (D.N.J. 1999)**, the court held that the mandatory detention provision of I.N.A. violates both the Fifth and Eigth Amendment prohibition against excessive bail.

The petitioner is being held by respondents through a statute that does not offer any due process. A true violation of the Constitution. This detention has not taken under consideration the fact that the petitioner was legally admitted to the United States, that he has family and dependents in the United States, and poses as no flight risk or threat to the community.

Petitioner is hereby respectfully asking that this Honorable Court grant him relief from this unconstitutional provision that mandates his detention. The petitioner and his dependents are suffering from severe hardship because of his detention.

The Honorable Court can either order the petitioner released on a set nominal bail, or order respnodents to conduct a bail hearing to determine his suitability for bail release.

The petitioner is finally praying that the court adjudicate on this matter as soon as possible so that the hardship, unfairness and injustice of INA § 236(c) may end.

Respectfully Submitted,

*Carlos Perez*

Carlos A. Perez
A31-221-000
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa  17870