# ORIGINAL

**United States District Court**
**Middle District Of Pennsylvania**

| | |
|---|---|
| Carlos A. Perez,<br>　　Petitioner,<br><br>　　　v.<br><br>Janet Reno, et al.,<br>　　Respondents. | No. 1:00-CV-01960<br><br>Judge Yvette Kane |

FILED
HARRISBURG, PA

MAR 1 9 2001

MARY E. D'ANDREA, CLERK
Per _____

### Brief In Support Of Motion
### For Partial Summary Judgement

Petitioner pro se persons and respectfully submits this brief.

Petitioner urges this Honorable Court to construe this brief liberally and cure all procedural errors as adjudged by the United States Supreme Court to States and Federal Court in **Haines v. Kerner, 404 U.S. 519, 520 (1972)**.

The petitioner, Carlos A. Perez, is filing this brief in support of the Motion For Partial Summary Judgement. And such said brief is in support of the Motion that is seeking for this Honorable Court to grant the petitioner relief and make the Immigration and Naturalization Service, hereinafter I.N.S., to comply with this Honorable Court, and stop prolonging this Honorable Court'S ORDER to Show Cause, and adhere to such said Court ORDER's in the future, which are always being disrespected by the I.N.S.

### Statement of the Case

The petitioner filed a habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from mandatory detention provision of INA § 236(c), which is a violation of his Constitutional Rights to due process protection under the law as protected by the Fifth Amendment of the United States Constitution.

On January 31, 2001, this Honorable Court ORDERED the United States Attorney and the Respondent to respond to the allegations in the petition, and do such within twenty (20) days from the date of such said order.  Hence the Respondent would have until February 20, 2001 to respond to the ORDER by this Honorable Court.

On March 6, 2001, the petitioner filed a partial summary judgement, because of the noncompliance to respond by the Respondent.

On February 8, 2001, the petitioner received an ORDER from this Honorable Court stating that the Respondent had another twenty (20) days to respond, and that ORDER was dated March 6, 2001, but was unknowing to the petitioner that this Honorable Court and the petitioner were filing matters on the same day regarding this case at hand.

The March 6, 2001, Motion For Partial Summary Judgement, was filed becasue the Respondent did not answer, and is a valid reason, and is moreoverly by matter of law validated for such lack of providing this Honorable Court with the response that was ORDERED originally on January 31, 2001, and it was beyond the February 20, 2001, deadline.

## Question Presented

Should this Honorable Court give another ORDER to show cause, or move forward as stated by matter of law ?

The petitioner knows this Honorable Court should not have given another ORDER to show cause, and knows this Honorable Court should move forward just as if the Respondent had responded, which is matter of law.

## Argument

This Honorable Court could have made a mistake by granting another ORDER to show cause, because the petitioner understands that the Courts are overwhelmed with habeas corpus petitions, and someone could easily have just given another ORDER, but should now be retracted, because according to Federal Rules of Civil Procedure, Rule 81(a)(2) [1], which states that an answer to a habeas corpus petition should be answered within 3 days, unless for good cause shown additional time is allowed, which in cases brought under 28 U.S.C. § 2254 shall not exceed forty (40) days, and in all other cases shall not exceed twenty (20) days. As this court can see, this is not a § 2254, and therefore can only give twenty (20) days for the Respondent to respond,

---

[1] Rule 81. Applicability in General. (a) To What Proceedings Applicable. (2) These rules are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions. The Writ of habeas corpus, or order to show cause, shall be directed to the person having custody of the person detained. It shall be returned within 3 days unless for good cause shown additional time is allowed which in cases brought under 28 U.S.C. § 2254 shall not exceed 40 days, and in all other cases shall not exceed 20 days.

and no where does it state that the Courts can, without request, give the Respondent an additional twenty (20) days, and in this case, almost 35 days after the first ORDER, which in essence, is giving the Respondent   fifty-five (55) days to respond.   This Honorable Court should not allow such disrespectful actions by the Respondent.

According to Federal Rules of Civil Procedure, Rule 56(e) [2], which states that if the Respondent does not respond, summary judgement, if appropriate, shall be entered against the adverse party.[2]

Futhermore, this Honorable Court should understand that the petitioner filed the Motion For Partial Summary Judgement, before knowing that the Courts would give another ORDER to the Respondent, and allowing another twenty (20) days, and this brief is being filed ten (10) days after the Motion, which is in accordance with the Local Rules 7.5, and should be allowed to continue without any filings by the Respondent.  If the Respondent will respond to this filing then the petitioner will continue from

---

[2] Rule 56.  Summary Judgement.  (e) Form of Affidavits; Futher Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or futher affidavits.  When a motion for summary judgement is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not respond, summary judgement, shall be entered against the adverse party.

that point and move forward as this Honorable Court should do
if the Respondent does not file an answer to the ORDER.   This
Honorable Court should only grant a continuance only if the
Respondent shows good cause for the additional time needed by
the Respondent.

Title 28 U.S.C. § 2243 now requires that the custodian of a
person detained [Respondent] must respond to an application for
a writ of habeas corpus "within three days unless for good cause
additional time, not exceeding twenty days, is allowed."  The
1971 amendment to Federal Rules of Civil Procedure, Rule 81(a)(2),
increases the time to forty days pursuant ONLY to state court
cases.  But regardless, the maximum time for all other habeas
corpus petitions is twenty days for the Respondent to respond.

However, twenty days has proved to be a short amount of time
with the burden of all the habeas corpus' that are currently being
filed in todays court schedules, according to the amendment notes
on F.R.Civ.P., Rule 81(a)(2), but those same notes stated that
regardless, if the twenty days is not enough time, the ONLY way
their would be a "good cause" continuance, would be based upon
what reasons are given for the extension of time, but there must
be a request to grant such "good cause" continuance.

This has been a very long standing rule, nothing recent, and
can be seen even back in the 1940's.  **See, Schenk v. Plummer,
C.C.A.9, 1940, 113 F.2d 726**, which clearly showed that no changes
were made to change the last two sentences of this rule.

In Title 28 U.S.C. § 2243, which is the laws regarding to

issunace of writ, return, hearing, or any decisions, it states
that the section was revised, where it once stated: "unless the
party petitioning requests a longer time", and now the wording
is as such, "unless for good cause additional time is allowed."
Regardless how, or when you read such rules, it does not allow
a Court to just grant more time for responses, because they may
feel that the Respondent needs more time, because everyone knows
that the courts would not give such leniency to the other parties
involved.

   Wherefore, the foregoing reasons, this Honorable Court should
grant relief sought in the habeas corpus, or at minimum set bail
in the interest of justice, because everyone involved knows the
Respondent will not respond, until they feel it is necessary to
comply with such ORDER's, and this court should not tolerate such
disrespect from the Respondent, and just move forward to finish
the litigation, just as if the Respondent had responded, which
is what the law suggest to be done.  For this the Petitioner prays
for this Honorable Court to understand that he is only trying to
get his just and proper relief.

Dated March 15, 2001.

                                    Respectfully submitted,

                                    Carlos Perez

                                    Carlos A. Perez
                                    Snyder County Prison
                                    600 Old Colony ROad
                                    Seloinsgrove, Pa 17870

### Certificate of Service
   On this 15th day of March, 2001, a copy of this brief was
mailed to;  U.S. District Court, Clerk of Courts, 228 Walnut Street,
Harrisburg, Pa. 17108;   I.N.S., 1600 Callowhill Street, Philadelphia
Pa 19130.