# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS A. PEREZ,
          Petitioner      :    No. 1:CV-00-1960
                        :

          v.               :    (Judge Kane)
                        :

JOHN ASHCROFT,
          Respondent      :

FILED
HARRISBURG, PA

MAR 26 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

EXHIBITS IN SUPPORT OF
RESPONSE TO HABEAS CORPUS PETITION

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
717/221-4482

Date:  March 26, 2001

**TAB - 1**

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

**FILED**

# United States District Court

## Northern District of California  U. S. District Court

JUN 2 4 1997

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **Carlos Alberto Perez** | Case Number:  **3:92CR00403-009** |

**Michael Murray**

Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  **2 of the third superseding indictment**
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C.  § 371 | Conspiracy to Launder Money | 07/28/1992 | |

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California

By _____
Deputy Clerk
Date: _____

ENTERED IN CRIMINAL DOCKET  6/25/97

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  **all remaining** _____  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:  **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** | **06/09/1997** |
| Defendant's Date of Birth:  **04/05/1966** | Date of Imposition of Judgment |
| Defendant's USM No.:  **38618-054** | |

Signature of Judicial Officer

**Thelton E. Henderson**

**Chief Judge**

Name & Title of Judicial Officer

Date   **3-5-97**

Defendant's Residence Address:

**custody of US Marshal**

Defendant's Mailing Address:

**custody of US Marshal**

**Pleasanton**                    **CA**

Date   **6/17/57**

I hereby certify that the
instrument is a true and cor
of the original on file in m
ATTEST:
RICHARD W. WIE
Clerk, U.S. District Co
Northern District of Cal
By _____
Deput

Document No
**210/6**
District Court
Criminal Case Process

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

DEFENDANT:      **Carlos Alberto Perez**
CASE NUMBER:      3:92CR00403-009

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___60___ month(s) .

☒ The court makes the following recommendations to the Bureau of Prisons:

**A facility on the East Coast (New York)**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

DEFENDANT:   **Carlos Alberto Perez**
CASE NUMBER:   3:92CR00403-009

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ year(s)

**The following special conditions are imposed: he shall pay any special assessment that remains unpaid; he shall submit his person, residence, office or vehicle to a search conducted by the US Probation Officer in a reasonable manner and at a reasonab time. Failure to submit a search may be grounds for revocation. He shall warn other residents that the premises may be subject to search. He shall participate in a program of testing and treatment for drug abuse as directed by the US Probation Officer; he shall provide the US Probation Officer access to any requested financial information.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT:    Carlos Alberto Perez
CASE NUMBER:    3:92CR00403-009

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .   $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
| Totals: | $ _____ | $ _____ |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses

AO 245B (Rev. 6/96) Sheet 5, Part B - Criminal Monetary Penalties

DEFENDANT:       **Carlos Alberto Perez**
CASE NUMBER:     3:92CR00403-009

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page  6  of  6

DEFENDANT:     Carlos Alberto Perez
CASE NUMBER:   3:92CR00403-009

# STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

## OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 24

Criminal History Category: II

Imprisonment Range: 57 to 71 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 10,000  to $ 100,000

    [ ] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

    [ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    [ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    [ ] Partial restitution is ordered for the following reason(s):

[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

[ ] The sentence departs from the guideline range:

    [ ] upon motion of the government, as a result of defendant's substantial assistance.

    [ ] for the following specific reason(s):

# TAB - 2

**U.S. Department of Justice**

Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: 031221000

BOP No: 38618054

Projected Release: 8/24/2000

In Matter of:

Respondent:   PEREZ, Carlos Alberto                                                    currently residing

BOP ALLENWOOD LOW FCI  LSCI-ALLENWOOD WHITE DEER PA 17887

(Number, street, city, state, and ZIP code)                                 ( Area code and phone nu

☐   1. You are an arriving alien.

☐   2. You are an alien present in the United States who has not been admitted or paroled.

☒   3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1) You are not a citizen or national of the United States;
2) You are a native of Colombia and a citizen of Colombia;
3) You were admitted to the United States at Miami, Florida on or about February 13, 1972 as an Immigrant;
4) You were, on June 17, 1997, convicted in the United States District Court [at] Northern District of California for the offense of conspiracy to launder money [in violation of Title 18, United States Code, Section 371].

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
1) Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(D) of the Act, a law relating to an offense described in Title 18, United States Code, Section 1956 (relating to laundering of monetary instruments) or Title 18, United States Code, Section 1957 (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000. *and*

*101(a)(43)(u) - conspiracy to commit offense, to wit. 101(a)(43)(D)*

☐   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecuti

☐   Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

EOIR 1600 Callowhill St. Room 400 Philadelphia PA US 19130

(Complete Address of Immigration Court, Including Room Number, if any)

on    to be set    at    to be set    to show why you should not be removed from the United States based on

(Date)                (Time)

charge(s) set forth above.

(Signature and Title of Issuing Officer)          IHP Dir

Date:   10/27/9 9

ALLENWOOD PA

(City and State)

**See reverse for important information**

Form I-862 (

Exh. 2

BOP Number:    38618054
A-File Number:    031221000

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel.  A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case.  If any document is in a foreign language, you must bring the original and a certified English translation of the document.  If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear.  You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the judge before whom you the appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily.  You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number.  You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding.  You will be provided with a copy of this form.  Notices of hearing will be mailed to this address.  If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing.  If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing.  I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____

STERMAN, Matthew  IHP Officer        Date: _____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on ____OCT 2 8 1999____, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[X] in person        [ ] by certified mail, return receipt requested        [ ] by regular mail

[x] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the ____English____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Refused to Sign
(Signature of Respondent if Personally Served)

STERMAN, Matthew  IHP Officer
(Signature and Title of Officer)

(BACKPAGE) Form I-862 (4-

**TAB - 3**

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Philadelphia, Pennsylvania

File No.:  A 31 221 000                         August 2, 2000

In the Matter of

CARLOS PEREZ,                    )          IN REMOVAL PROCEEDINGS
                                 )
           Respondent            )

CHARGE:          Section 237(a)(2)(A)(iii) of the Immigration and
                 Nationality Act, conviction of an aggravated
                 felony as defined in Section 101(a)(43)(D) and (U)
                 of the Act.

APPLICATION:     Convention Against Torture, Article 3, 8 C.F.R.
                 208.

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:

Pro se                              Pamela Ransome, Esquire
                                    Assistant District Counsel

ORAL DECISION OF THE IMMIGRATION JUDGE

On October 27, 1999, the Immigration and

Nationalization Service issued Form I-862, Notice to Appear, in

the name of the respondent Carlos Perez, A 31 221 000.  In the

Notice to Appear, it is alleged that the respondent is not a

native or citizen of the United States, that he is a native and

citizen of Colombia, that he was admitted to the United States on

or about February 13, 1972, as an immigrant and that he was on

June 17, 1997, convicted in the United States District Court,

Northern District of California, for the offense of conspiracy to

Exh. 3

kad

launder money, in violation of Title 18 U.S. Code Section 371.
It is charged that the respondent is removable from the United
States pursuant to provision of law Section 237(a)(2)(A)(iii) of
the Immigration and Nationality Act, in that an any time after
admission he has been convicted of an aggravated felony as
defined in Section 101(a)(43)(D) of the Act, a law relating to an
offense described in Title 18 U.S. Code, Section 1956, if the
amount of the funds exceeded $10,000.

Respondent initially had appeared in Court on November
30th, 1999, and was given numerous continuances for the purposes
of seeking counsel and for filing an application for relief.  The
respondent was not able to obtain counsel.  The respondent was
placed under oath on May the 10th, 2000, at a master calendar
appearance and the respondent admitted the factual allegations.
The charge of removability was orally amended by Government's
counsel to include next to the words aggravated felony as defined
in Section 101(a)(43)(D), the words "and(U)."  The Court has made
a finding by evidence that is clear and convincing that the
factual allegations and the charge of removability have been
sustained.  The Government has submitted to the record what has
been marked as Exhibit 2, a Form I-213, record of deportable
alien, and a record of conviction on the underlying matter, which
shows that the respondent was found guilty on June the 9th, 1997,
of a violation of Title 18 U.S.C., Section 371, conspiracy to
launder money.  Exhibit 2 includes a superseding indictment in

A 31 221 000                    2                    August 2, 2000

kad

this case which reflects that on at least one occasion, the respondent was involved with passing a cashier's check in the amount of $53,000. See page 6 of the superseding indictment.

The Court made a finding that the respondent's conviction qualifies as an aggravated felony. The respondent has been sentenced to a period of 60 months in prison. The respondent claims fear of returning to Colombia. The respondent, having been convicted of an aggravated felony, does not qualify for any relief from removal under the statute, including asylum under Section 208 of the Act or withholding of removal under Section 241(b)(3) of the Act. However, the respondent is eligible to request deferral of removal under Section 8 C.F.R. Section 208.13 et seq. deferral of removal under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment (Torture Convention).

The respondent appeared on August the 2nd for an individual hearing on his application for relief. The respondent submitted an I-589, which is the proper form to submit in such proceedings and attached thereto is an affidavit. The I-589 and the affidavit have been marked as Exhibit 3. The respondent has also submitted an exhibit marked Exhibit 4, which includes pleadings which are titled Petition for Convention Against Torture Protection and another pleading called To The Honorable Court and INS Counsel and a copy of an affidavit and a pleading

A 31 221 000                          3                    August 2, 2000

kad

called respondent's Motion to Vacate the Deportation Order and numerous newspaper articles pertaining to country conditions in Colombia and a lengthy report from the U.N. High Commissioner for Human Rights on the office of Colombia. And additionally, numerous certificates which the respondent has earned while incarcerated where he has applied himself in various aspects of learning and counseling and Bible studies and things of that nature.

Exhibit 5 is the State Department Country Report for Human Rights Practices for Colombia, 1999, published in the year 2000.

The 1999 Country Report was submitted on the date of the individual hearing on August the 2nd. The respondent had to object to its submission into the record because he had not had the opportunity to review it and the Court has preserved his objection to that document coming in. The Court has examined in great detail all of the evidence and documents submitted in this case, even if it does not specifically refer to a particular item and its decision.

## REQUIREMENT FOR A GRANT OF DEFERRAL OF REMOVAL
### UNDER THE CONVENTION AGAINST TORTURE

A respondent who is otherwise not eligible to apply for withholding of removal under Section 241(b)(3) of the Act may, nevertheless, apply for a deferral of removal under Article 3 of the Convention Against Torture if he can show that "it is more

A 31 221 000                    4                    August 2, 2000

kad

likely than not" that he would be tortured if removed to the
proposed country of removal.  8 C.F.R. Section 208.16(c)(2).
This burden can be established by testimony without corroboration
if the testimony is credible.  <u>Matter of Y-B-</u>, Int. Dec. 3337
(BIA 1998).  Torture is defined as "any act by which severe pain
or suffering, whether physical or mental is intentionally
inflicted on a person."  8 C.F.R. 208.18(a)(1).  The severe pain
or suffering must be inflicted on the applicant for one of four
purposes; specifically, 1) "for obtaining information or a
confession;" 2) "for punishing for an act committed or suspected
of having committed;" 3) "for intimidation or coercion;" or 4)
"for any reason based on discrimination of any kind."  In
addition, in order to constitute torture, "the act must be
directed against a person in the offender's custody or physical
control," and the pain or suffering must be inflicted "by or at
the instigation of, or with the consent or acquiescence of a
public official or other person acting in an official capacity."

## FACTS OF THE CASE

The respondent has related a story of drama and
intrigue involving his family members and criminal elements
associated with drug trafficking and, in the respondent's own
words, "narco-terrorism."  The respondent's family originates
from Colombia.  The respondent testified that his mother was
involved in some criminal activities and that it was through her

A 31 221 000                    5                    August 2, 2000

kad

intervention that he innocently got involved to the point of receiving a conviction for money laundering.

The respondent was born on April 4, 1966, in Bogota, Colombia.  He has never married and has no children.  He came to the United States at the age of six.  He attended school through the eighth grade, and in 1986 he obtained his GED.  In 1983, he received a private pilot's certificate.

In 1990, the respondent was living with his grandmother in New York.  He indicated that his grandmother has essentially raised him.  His mother lived in California.  She was coming out of incarceration for, apparently, a drug-related offense and then she was caught up in deportation proceedings.  She contacted the respondent and asked that he and other family members come to California to assist her in her defense.  The respondent and his brother and his grandmother went to California, and then his mother was rearrested on another charge and the respondent returned to New York.  His mother asked the respondent to assist in obtaining some money for her defense.  The respondent and his grandmother and his aunt and his brother returned to California. And his mother asked the respondent to make some phone calls in order to collect some money for her from individuals which owed her money so that, that money could be provided to her attorney for her defense.  The respondent says that he spoke to two different people and one person gave the respondent $8,000 to hand to her attorney.  Then threats started coming in to the

kad

respondent's grandmother's house in New York.

In the December of 1991, the respondent was making a phone call from a phone booth in Miami, Florida when he was assaulted and his throat was slashed and he was almost murdered. He testified that he did not know the assailant.

The respondent's brother was arrested and in 1994 plead to a charge of money laundering. He was free on unsupervised release when he disappeared without a trace. The family has no idea of the whereabouts of the brother since 1994.

The respondent explained that due to the turmoil and difficulties in his life, he essentially went underground; and from 1993 to 1996, he was underground. The Court did not inquire any further as to details of that period of his life.

The respondent's cousin, who is the daughter of his mother's sister, Adviana Perez, was kidnaped by unknown individuals from South America. As ransom, the kidnappers demanded that the house, the family house in New York, be deeded over to the kidnappers. The FBI intervened in this case and obtained the release of his cousin, and some people were apprehended.

In April 1996, the respondent turned himself in to Federal Marshals and he was ultimately convicted of the money laundering scheme.

The respondent fears the individuals who are associated with these illicit drug trafficking activities and who have

A 31 221 000                    7                    August 2, 2000

kad

already evidenced their ability to harm the respondent and members of his family.

## FINDINGS OF THE COURT

As Government's counsel astutely pointed out in this case, the respondent would seem to have as much, if not more, danger of being harmed in the United States as he does if returned to Colombia.  The respondent explains he was assaulted by an individual who he believes to be associated with these drug trafficking elements and his throat was slashed and he was almost murdered.  His cousin was kidnaped.  His brother has disappeared without a trace, all in the United States.  Now the respondent asks that he not be returned back to Colombia where his life would be in danger.  Clearly if his life is in danger, it is just as well in danger in the United States as in any other country.

The respondent's facts do not meet the requirements for a grant under the Convention Against Torture Article 3.  The respondent has in no way demonstrated that if he is returned to Colombia, he is likely to be tortured while in the custody of an official of the government or by someone with the acquiescence of such government official.  The respondent has not met his burden of more likely than not that he would be tortured if he is returned to Colombia while in the custody of any agents or agency of the Colombian government.

For the purposes of this adjudication, the Court has accepted as credible the respondent's relation of events.  The

A 31 221 000                     8                     August 2, 2000

kad

Court believes, as the respondent related, that he was viciously assaulted, his cousin was kidnaped, and his brother has disappeared.  Because the Court accepts the respondent's story as essentially true, perhaps with a caveat as far as the respondent's denial of guilt in the criminal scheme, the Court did not find it necessary or particularly helpful to continue the case to another date to allow the respondent's grandmother and aunt to testify.  The Court had set aside a period of time on August the 2nd to receive their testimony if they appeared in court, but the Court does not feel that they would in any way be able to shed any further light on the likelihood of the respondent's meeting the legal burden under the definition of torture should he be returned to Colombia.  The Court feels that at most they could further corroborate the respondent's relation of events pertaining to other family members in the United States.

The Court must deny the respondent's application for deferral of removal under the Convention Against Torture in that he has not met his burden of proof that it is more likely than not that he would be tortured as that word is defined at 8 C.F.R. Section 208.18 should he be returned to Colombia.

kad

## ORDER OF THE COURT

WHEREFORE the respondent's application of deferral of removal under the Convention Against Torture shall be denied.

WHEREFORE respondent shall be removed and deported to Colombia.

August 22, 2000

PAUL GRUSSENDORF
Immigration Judge

A 31 221 000                    10                    August 2, 2000

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CARLOS A. PEREZ,                    :

        Petitioner          :        No. 1:CV-00-1960

                            :

        v.                  :        (Judge Kane)

                            :

JOHN ASHCROFT,                      :

        Respondent          :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 26th day of March, 2001, she served a copy of the attached

**EXHIBITS IN SUPPORT OF**
**RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Carlos A. Perez
A31-221-000
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

KATE L. MERSHIMER
Assistant U.S. Attorney