UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES A. PEREZ,                    :
                                     :
            Petitioner               :    CIVIL NO. 1:CV-00-1960
                                     :
      v.                             :    (Judge Kane)
                                     :
JOHN ASHCROFT,                       :
                                     :
            Respondent               :

**FILED**
HARRISBURG

JUL 3 1 2002

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

**ORDER**

## Background

Petitioner Carlos Perez, a detainee of the Immigration and Naturalization Service (INS) at the Snyder County Prison, in Selinsgrove, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C § 2241. Perez is challenging his continued detention pending a final order in his removal proceedings. Named as respondent is John Ashcroft.[1] A response and traverse having been filed, this matter is ripe for consideration.

Perez alleges that respondent's failure to conduct a bond/bail hearing  violates the Due Process Clause of the Fifth Amendment . (Doc. No. 1,  p. 5). Respondent contends Perez's claims are without

------

    1.    At the time Perez filed this habeas corpus petition, Perez named then-Attorney General Janet Reno as respondent.  Pursuant to Fed. R. Civ. P. 25(d)(1), the current Attorney General, John Ashcroft, has been substituted for Janet Reno.

merit.  The INS states that it does possess the authority to detain Perez; that he is not being confined indefinitely, and that his continued detention during removal proceedings furthers a number of legitimate government interests. (Doc. No. 7, p. 3).

The record before the Court reveals that petitioner is a native and citizen of Colombia.  Perez entered the United Sates on February 13, 1972 as an immigrant.  On June 17, 1997, Perez was convicted in the United States District Court, Northern District of California, of conspiracy to launder money in violation of 18 U.S.C. § 371. Perez was sentenced to sixty (60) months imprisonment.  In October 1999, the INS initiated removal proceedings against Perez, charging him with being removable for having been convicted of an aggravated felony. (Doc. No. 7, p.2).  In May 2000, the INS judge found the money laundering offense to be an aggravated felony and determined Perez to be removable. (Doc No. 7, p. 2).  Perez sought deferral of removal to Colombia pursuant to 8 U.S.C. § 208.13, claiming that he would be tortured if removed to Colombia.

On August 2, 2000, the immigration judge denied Perez's Convention Against Torture claim, concluding that Perez had not established a likelihood that he would be tortured if removed to Colombia. (Doc. No. 7, p. 2). Perez appealed this decision to the Bureau of Immigration Appeals. There is no indication that any action has been taken on the matter to date.  In the interim, Perez continues to be detained by the INS pursuant to 8. U.S.C. § 1226(c),

2

INA § 236(c).

Perez asserts that his detention violates due process, and he requests that this Court either release him on bond, or order the INS to grant him a hearing so that he can establish that he should be released on supervision.

**DISCUSSION**

Under 8 U.S.C. § 1226(c), a detained alien is subject to mandatory detention pending a final order of removal.  Petitioner appears to be seeking relief pursuant to the recent Third Circuit decision in <u>Patel v. Zemski</u>, 275 F.3d 299 (3d Cir. 2001) in which the Court held that the provision of the Immigration and Naturalization Act which allows a lawful permanent resident to be mandatorily detained pending a final determination on removal, without the opportunity for an individualized determination of the alien's risk of flight, or threat to the community, implicated the fundamental right to be free from restraint.  Relying, in part, on <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Court stressed that the Due Process Clause protects aliens who have entered the United States, without regard to whether their presence in the United States is lawful.  Finding that heightened due process scrutiny was appropriate, the Court sought to make a determination as to whether the statute's infringement on that right has been narrowly tailored to serve a compelling state interest.  The Court stated that government detention violates substantive due process unless it is

3

ordered in special, narrow, and non-punitive circumstances; that is, where a special justification outweighs the individual's constitutionally protected interest in avoiding physical restraint. Patel, 275 F.3d at 310. Viewing the issue in practical terms, the Court concluded that to require a hearing to assess risk of flight and danger to a community was a "less restrictive means" for the government to achieve its stated goal of ensuring the expedited removal of criminal aliens. ("[D]ue process requires an adequate and proportionate justification that cannot be established without an individualized inquiry into the reasons for detention.") Patel, 275 F.3d at 311, citing Ngo v. INS, 192 F.3d 390 (3d Cir. 1999). Thus, Perez has established that he is entitled to a hearing for the purposes of determining whether he is a flight risk, or a threat to the community. An appropriate order follows.

NOW, THEREFORE, THIS 30th DAY OF July , 2002, IT IS HEREBY ORDERED THAT:

1.    The petition for writ of habeas corpus is conditionally granted as set forth herein.


2.    This matter is remanded to the immigration judge for a determination consistent with the Third Circuit's recent decision in Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001).

3.   The Clerk of Court shall close this case, but petitioner
     may reopen it if the respondent has not granted
     petitioner the relief ordered by this Court within thirty
     (30) days of the date of this order.

_____
YVETTE KANE
United States District Judge

YK:dlb

5